*1244 OPINION.
Arttndell :
The sums expended in attending conventions of medical societies are deductible as ordinary and necessary business expenses. Alexander Silverman, 6 B. T. A. 1328, and Cecil M. Jack, 13 B. T. A. 726.
The sole question raised by the pleadings and at the hearing under the other issue is whether the depreciated cost of the improvements made to the leased property may be taken as a loss in the year 1924, when the lease expired and the option to purchase was allowed to go unexercised. The respondent’s position is that the petitioner was entitled to recover his capital outlay of $11,541.36 ratably over the five-year period of the lease. The petitioner’s position is that the expenditure of the relatively large sum for improvements was solely with the idea that he would exercise his option to purchase the property for $9,000, and in view of the circumstances the proper thing for him to do was to capitalize his outlay and recover the sum by means of an annual allowance for depreciation. The rate of depreciation as taken by petitioner is not in dispute if the method employed by him be accepted as proper by the Board. It seems to us that the method adopted by the petitioner is correct in the circumstances of this case. Not only do we have the testimony of petitioner that he intended to exercise the option to purchase the property, but the attendant circumstances clearly indicate that he so intended. It *1245 would have been out of all reason for him to have made the expenditures he did for improvements if they were to pass to another at the end of the five years. We think that the cost of the improvements properly depreciated should be allowed as a deduction in 1924.
Respondent for the first time in his brief attempts to raise the question whether any allowance should be permitted, taking as his premise that the property was acquired for a member of petitioner’s family and as such was a personal expense. We think the issue is raised too late. While there is some testimony in the record which lends support to respondent’s argument, the parties throughout the trial proceeded on the theory that the only question in dispute was the manner in which the petitioner’s outlay might be recovered, as more fully stated earlier in this opinion.
Reviewed by the Board.

Decision will he entered, under Rule 50.

Sternhagen dissents.